**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 30 2013, 7:40 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL E. MORKEN**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**RANDALL W. GRAFF**
Kopka, Pinkus, Dolin & Eads, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH DOWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| ANGIE L. GROVE AND CODY ROWE, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | No. 50A03-1211-CT-487 |
| | ) | |
| AMERICAN MODERN HOME INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARSHALL CIRCUIT COURT
The Honorable Curtis Palmer, Judge
Cause No. 50C01-1203-CT-12

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Joseph Dowell[1] appeals summary judgment for American Modern Home Insurance Company (AMHIC). We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 7, 2009, Dowell, Jeffrey Blythe, and Cody Rowe were drinking alcohol at Angie Grove's home. Rowe was not old enough to legally drink alcohol. Dowell and Blythe left in a car driven by Rowe. Rowe's car struck a utility pole, killing Blythe and injuring Dowell.

In December 2009, Blythe's mother brought a wrongful death action against Grove, because Grove provided Rowe with alcohol and did not prevent him from leaving her property. On August 11, 2011, Grove's homeowners insurance provider, AMHIC, settled with Blythe's mother on behalf of Grove for $50,000.00, which was the policy limit for personal liability.

Less than a month after that settlement, Dowell filed a personal injury action against Grove and Rowe. AMHIC filed a declaratory judgment action, seeking to terminate its duty to defend Grove in Dowell's action because the limit of Grove's policy was reached when AMHIC settled with Blythe's mother. AMHIC moved for summary judgment, Grove and Rowe moved for summary judgment, and Grove filed a motion to dismiss AMHIC's declaratory judgment action. The trial court granted AMHIC's motion for summary judgment, denied Dowell's motion for summary judgment, and denied Grove's motion to dismiss. It found:

---

[1] Angie L. Grove and Cody Rowe do not participate in this appeal.

2

> There is no factual dispute that AMHIC has paid out their [sic] policy limits with regard to this occurrence. Therefore, AMHIC no longer has a contractual duty to defend or indemnify Grove and AMHIC's Motion for Summary Judgment on those issues should be and hereby is **GRANTED**.

(App. at 11) (emphasis in original).

## DISCUSSION AND DECISION

Summary judgment is appropriate when the designated evidence shows there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. *Grinnell Mut. Reinsurance Co. v. Ault*, 918 N.E.2d 619, 624 (Ind. Ct. App. 2009). When reviewing a summary judgment, we stand in the shoes of the trial court. *Id.* Once the moving party demonstrates, *prima facie*, that there are no genuine issues of material fact as to any determinative issue, the burden is on the non-moving party to come forward with contrary evidence. *Id.* The non-moving party may not rest on the pleadings but must instead set forth specific facts, using supporting materials contemplated under Trial Rule 56 that show there is a genuine issue for trial. *Id.*

The party appealing a summary judgment bears the burden of persuading this court that the trial court erred, but we still carefully scrutinize the entry of summary judgment to ensure that the non-prevailing party was not denied its day in court. *Id.* We do not weigh the evidence but rather consider the facts in the light most favorable to the nonmoving party. We may sustain the judgment upon any theory supported by the designated evidence. *Id.* The trial court here entered specific findings of fact and conclusions thereon. Although such findings and conclusions facilitate appellate review by offering insight into the trial court's

3

reasons for granting summary judgment, they do not alter our standard of review and are not binding. *Id.* at 625. Dowell argues the trial court erred when it granted summary judgment in favor of AMHIC because AMHIC had a duty to defend Grove in Dowell's lawsuit. We disagree.

Insurance contracts are governed by the same rules of construction as other contracts, and the proper interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Wellpoint, Inc. v. Nat'l Union Fire Ins. Co.*, 952 N.E.2d 254, 258 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied*. If the policy language is clear and unambiguous, it should be given its plain and ordinary meaning. *Id.* An ambiguity does not exist simply because a controversy exists between the parties, each favoring an interpretation contrary to the other. *Id.* Rather, an insurance policy is ambiguous if reasonable people may honestly differ as to the meaning of the policy language. *Id.* When insurance policies are interpreted, exceptions, limitations, and exclusions to coverage must be plainly expressed. *Id.* at 258-59.

> The homeowners insurance policy between AMHIC and Grove provides:
>
> If a claim is made or a suit is brought against any insured person for damages because of bodily injury or property damage, caused by an occurrence, to which this coverage applies, we will: . . .
> 2. provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit that we decide is appropriate. **Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence in settlement of a claim(s) or in satisfaction of a judgment(s) equals our liability limit.** We have no duty to defend any suit or settle any claims for bodily injury or property damages not covered under this policy.

4

(App. at 32) (emphasis added).  Blythe's mother filed a wrongful death action that AMHIC

settled for the policy limit.  By the time Dowell sued Grove and Rowe, the policy limit was

exhausted and AMHIC had no obligation to defend Grove against the claim.[2]  Accordingly,

we affirm the decision of the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[2] Dowell argues AMHIC could be released from its duty to defend Grove only by filing an interpleader.  While this method of distribution of policy proceeds is favored in Indiana, *see Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 677 (Ind. Ct. App. 2007), *trans. denied*, the filing of an interpleader is not required, and we decline to insert such a requirement into the contract.